JONATHAN E. NUECHTERLEIN
General Counsel
MATTHEW J. WILSHIRE
MICHAEL WHITE
Federal Trade Commission
600 Pennsylvania Avenue, N.W., Mailstop CC-10232
Washington, D.C. 20580
Telephone:   (202) 326-2976 (Wilshire), (202) 326-3196 (White)
Facsimile:   (202) 326-3768
Email:   mwilshire@ftc.gov, mwhite1@ftc.gov

ERIC T. SCHNEIDERMAN
Attorney General of the State of New York
JAMES M. MORRISSEY
Assistant Attorney General
350 Main Street, Suite 300A
Buffalo, NY 14202
Telephone: (716) 853-8471
Facsimile:  (716) 853-8414
Email:   James.Morrissey@ag.ny.gov

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| FEDERAL TRADE COMMISSION, and PEOPLE OF THE STATE OF NEW YORK, by ERIC T. SCHNEIDERMAN, Attorney General of the State of New York,<br><br>       Plaintiffs,<br><br>       v.<br><br>KELLY S. BRACE, individually and as an officer of one or more of the Corporate Defendants; BRACLAIRE MANAGEMENT, LLC, a New York limited liability company, also d/b/a CLEAR CREDIT SERVICES, also d/b/a CLEAR CREDIT SOLUTIONS, and also d/b/a DELAWARE SOLUTIONS; CREDIT CLEAR SOLUTIONS, LLC, a California limited liability company; SOLIDUS GROUP, LLC, a New York limited | Case No. _____<br><br>**COMPLAINT FOR PERMANENT INJUNCTION AND OTHER EQUITABLE RELIEF** |

liability company; SOLIDUS SOLUTIONS, LLC, a
New York limited liability company,

      Defendants, and

JOELLE J. LECLAIRE,

      Relief Defendant.

Plaintiffs, the Federal Trade Commission ("FTC") and The People of the State of New

York ("State of New York") (collectively, "Plaintiffs"), for their Complaint allege:

1.     The FTC brings this action under Section 13(b) of the Federal Trade Commission

Act ("FTC Act"), 15 U.S.C. § 53(b), and Section 814 of the Fair Debt Collection Practices Act

("FDCPA"), 15 U.S.C. § 1692*l*, to obtain temporary, preliminary, and permanent injunctive

relief, rescission or reformation of contracts, restitution, the refund of monies paid, disgorgement

of ill-gotten monies, and other equitable relief for Defendants' acts or practices in violation of

Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), and the FDCPA, 15 U.S.C. §§ 1692-1692p, in

connection with Defendants' deceptive and abusive debt collection practices, including attempts

to harass consumers into paying debts that they do not actually owe.

2.     The State of New York, by and through the Office of the Attorney General

("OAG"), brings this action under New York Executive Law § 63(12) and New York General

Business Law Article 22-A, § 349, and Article 29-H, § 602, to obtain damages, restitution,

injunctive and equitable relief and penalties of up to $5,000 for each violation of General

Business Law Article 22-A.

## JURISDICTION AND VENUE

3.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337(a),

and 1345, and 15 U.S.C. §§ 45(a), 53(b), and 1692*l*.   Subject matter jurisdiction is conferred

upon this Court with respect to the supplemental state law claims of the State of New York by 28 U.S.C. § 1367.

4.      Venue is proper in this district under 28 U.S.C. § 1391(b)(1), (b)(2), (b)(3), (c)(1), (c)(2), and (d), and 15 U.S.C. § 53(b).

## PLAINTIFFS

5.      The FTC is an independent agency of the United States Government created by statute.   15 U.S.C. §§ 41-58.   The FTC enforces Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), which prohibits unfair or deceptive acts or practices in or affecting commerce.   The FTC also enforces the FDCPA, 15 U.S.C. §§ 1692-1692p, which prohibits abusive, deceptive, and unfair debt collection practices and imposes duties upon debt collectors.

6.      The FTC is authorized to initiate federal district court proceedings, by its own attorneys, to enjoin violations of the FTC Act and the FDCPA and to secure such equitable relief as may be appropriate in each case, including rescission or reformation of contracts, restitution, the refund of monies paid, and the disgorgement of ill-gotten monies.   15 U.S.C. §§ 53(b) and 56(a)(2)(A), and 1692*l*(a).

7.      The State of New York, by its Attorney General, is authorized to take action to enjoin (i) repeated and persistent fraudulent and illegal business conduct under New York Executive Law § 63(12); (ii) deceptive business practices under New York General Business Law § 349; and (iii) illegal debt collection practices under General Business Law § 602; and to obtain legal or equitable relief, including rescission or reformation of contracts, restitution, the appointment of a receiver, disgorgement of ill-gotten monies, or other relief as may be appropriate.

**DEFENDANTS**

8.     Defendants are third-party debt collectors that, in many instances, have purchased portfolios of allegedly past-due consumer debt and collected payments on their own behalf from consumers nationwide.   Defendants are "debt collectors" as defined in Section 803(6) of the FDCPA, 15 U.S.C. § 1692a(6).

9.     Defendants have attempted to collect these purported debts by contacting consumers using instrumentalities of interstate commerce, including telephone calls, electronic mail, and United States mail.

10.     Defendants have regularly threatened, pressured, and harassed consumers into paying debts the consumers do not owe.   Defendants have continued to collect on these fake debts even after the supposed creditor notified them that the debts were bogus.   Even when Defendants have collected debts they reasonably believe are legitimate, they have done so using deception and harassment.

11.     Defendant **Kelly S. Brace** is or has been the owner and an officer of Braclaire Management, LLC; the CEO and owner of Credit Clear Solutions, LLC; the owner and managing member of Solidus Group, LLC; and a member of Solidus Solutions, LLC (collectively, "Corporate Defendants").   At times material to this Complaint, acting alone or in concert with others, he has formulated, directed, controlled, had the authority to control, or participated in the acts and practices of the Corporate Defendants, including the acts and practices set forth in this Complaint.   Defendant Brace resides in this district and, in connection with the matters alleged herein, transacts or has transacted business in this district and throughout the United States.

4

12.     Defendant Brace has operated his debt-collection enterprise through various corporate entities, including but not limited to the named Defendants listed below, and through the following recently dissolved New York limited liability companies:   Delaware Asset Management, LLC; Clear Credit Services, LLC; and Delaware Solutions, LLC.

13.     Defendant **Braclaire Management, LLC**, also d/b/a Clear Credit Services, also d/b/a Clear Credit Solutions, and also d/b/a Delaware Solutions, ("Braclaire") is a New York limited liability company with its principal place of business at 295 Main Street, Suite 1053, Buffalo, New York 14203.   At all times material to this Complaint, acting alone or in concert with others, Braclaire has transacted business in this district and throughout the United States.

14.     Defendant **Credit Clear Solutions, LLC** ("Clear Credit Solutions") is a California limited liability company with its principal place of business at 295 Main Street, Suite 1053, Buffalo, New York 14203.   At all times material to this Complaint, acting alone or in concert with others, Clear Credit Solutions has transacted business in this district and throughout the United States.

15.     Defendant **Solidus Group, LLC** ("Solidus Group") is a New York limited liability company with its principal place of business at 295 Main Street, Suite 1053, Buffalo, New York 14203.   At all times material to this Complaint, acting alone or in concert with others, Solidus Group has transacted business in this district and throughout the United States.

16.     Defendant **Solidus Solutions, LLC** ("Solidus Solutions") is a New York limited liability company with its principal place of business at 295 Main Street, Suite 1053, Buffalo, New York 14203.   At all times material to this Complaint, acting alone or in concert with others, Solidus Solutions has transacted business in this district and throughout the United States.

17.     Relief Defendant **Joelle J. Leclaire** is an individual who has received funds that can be traced directly to Defendants' deceptive and unlawful acts or practices alleged below and she has no legitimate claim to those funds.   She resides in New York.

## COMMON ENTERPRISE

18.     Corporate Defendants have operated as a common enterprise while engaging in the unlawful acts and practices alleged below.   Corporate Defendants have conducted the business practices described below through an interrelated network of companies that have common ownership, officers, managers, business functions, employees, and office locations, and that have commingled funds.   Because these Corporate Defendants have operated as a common enterprise, each of them is jointly and severally liable for the acts and practices alleged below. Defendant Kelly Brace has formulated, directed, controlled, had the authority to control, or participated in the acts and practices of the Corporate Defendants that constitute the common enterprise.

## COMMERCE

19.     At all times material to this Complaint, Defendants have maintained a substantial course of trade in or affecting commerce, as "commerce" is defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

## DEFENDANTS' ILLEGAL COLLECTION PRACTICES

20.     Defendants have operated as a debt collection enterprise since at least 2013. Defendants' debt collection business has relied heavily on deceptive tactics.   In particular, they have attempted to collect on debts even after receiving notice that those debts are invalid.   More generally, Defendants have used false threats of lawsuits and arrest to extract payments from

consumers.   Defendants have also disclosed consumers' purported debts to third parties, failed

to identify themselves in communications to consumers, and failed to provide statutorily required

disclosures.

### Defendants' Attempts to Collect Fake Debts

21.      In numerous instances, Defendants have attempted to collect money on debts even

though they knew that those debts were fake.   Specifically, prior to September 29, 2014,

Defendants purchased a debt portfolio consisting of payday loans supposedly owed to a Red

Cedar Services, Inc. ("Red Cedar"), doing business as "500FastCash."   Red Cedar received

complaints indicating that Defendants were collecting on the supposed loans.

22.      On September 29 and October 9, 2014 Red Cedar's General Counsel, Jared

Marsh, sent Defendants letters advising that "500FastCash has not authorized any third-party to

sell, broker, market or collect any debt owed to 500FastCash," thereby notifying Defendants that

the debts were not valid and should not be collected from consumers.

23.      Marsh also called Defendants in late September of 2014.   During the call, he

spoke with a manager and informed him that the debts were invalid.   He also demanded that

Defendants cease collection on them.   The manager claimed that a rogue employee had loaded

the purported 500FastCash debts on to the Defendants' system, and stated that the Defendants

had fired the rogue employee and deleted the 500FastCash files off their system.

24.      But Defendants did not delete the debts from their database or cease collection

efforts.   Instead, they continued to attempt to collect on the fake debts.   Marsh called

Defendants again in October of 2014 to reiterate Red Cedar's demand that they cease collecting

on the purported debts.   A manager for Defendants told Marsh that he should speak to

Defendants' attorney, but refused to provide contact information for that attorney and then hung

up.   When Marsh called back, the manager told him that, if he called again, Defendants would

consider it harassment and report him to law enforcement.

25.     On numerous occasions, Defendants have also ignored consumers' challenges of

the debts, including evidence that they never authorized a payday loan from 500FastCash and

communications from 500FastCash that the consumer does not have an outstanding balance with

it.   Instead, Defendants continued their collection efforts.   For example, one consumer told an

employee of Defendants that she had called 500FastCash to confirm her supposed debt's validity

and that she knew "he was working a scam."

### Defendants' Attempts to Collect on Unauthorized Payday Loans

26.     In addition to the alleged 500FastCash debts, Defendants have also attempted, in

many instances, to collect on payday "loans" that third-party lenders fabricated and imposed on

consumers without their authorization.   While attempting to collect on these "loans,"

Defendants ignored evidence that consumers had never consented to them and, therefore, did not

owe the purported debts.

27.     As alleged in the Plaintiff FTC's complaint in *FTC v. CWB Services, et al.*,

4:14-cv-00783 (W.D. Mo.), and the Consumer Financial Protection Bureau's ("CFPB's")

complaint in a related case, *CFPB v. Moseley, et al.*, 4:14-cv-00789 (W.D. Mo.), certain online

payday lenders issued "loans" to consumers without the consumers' knowledge or consent.

When consumers refused to pay these bogus debts, the lenders sold the purported debts to debt

collectors.   As a result, these consumers were victimized twice:   once when the lenders

attempted to collect on the bogus loans and again when, sometimes years later, debt collectors harassed them for debts they did not owe.

28.     Defendants purchased some of the debts purportedly owed on these fabricated loans.   Even after the FTC and CFPB filed their actions and announced them publically, however, Defendants have continued to collect on those debts.   Defendants also ignored statements from consumers that they had never heard of the lenders and did not owe debts on these purported payday loans.   Defendants, therefore, knew or should have known that many debts on which they collected or attempted to collect that were purportedly owed to the defendants in *CWB Services* and *Moseley* were fabricated.

## Defendants' False Threats of Legal Action Against Consumers

29.     In numerous instances, Defendants have threatened to take legal action against consumers—including litigation and arrest—without the intention or ability to take such action. Defendants have routinely represented to consumers that such legal action is in process or will happen in the immediate future, and that the only way for a consumer to prevent legal action is to make an immediate payment.

30.     For example, in numerous voicemails to consumers who allegedly owe a debt, Defendants have claimed that they are planning to serve process on the consumer within 48 hours at the consumer's home or place of employment.   Other voicemails have told consumers that Defendants will file a claim "immediately" unless consumers contact them.   In addition, in phone conversations and in voicemails, Defendants have told consumers that they have already filed a claim against them.   Defendants have also frequently told consumers that they will sue consumers for "check fraud" unless the consumers pay.

31.     In numerous instances, Defendants have represented to consumers that they must pay or face arrest for fraud or other criminal charges.   For example, Defendants have told consumers that:

- the "authorities" would come after them;

- consumers would be "convicted of forgery and fraud";

- consumers would be arrested; and

- the purported debts are "criminal matters."

32.     In making these representations, Defendants have often identified themselves in a way that falsely represented or implied that they are affiliated with a law firm or law enforcement.   For example, one employee of Defendants told a consumer that he was employed by the "National Check Fraud Center."   Another employee claimed to be the head of the litigation department for the "law offices" of Clear Credit Solutions.   Another claimed affiliation with the County Attorney's Office for Hillsborough County, Florida.

33.     In fact, when Defendants have threatened legal action, in numerous instances, they have not taken legal action against the consumer and Defendants did not intend to take any such action.   In addition, Defendants cannot have a consumer arrested or imprisoned for non-payment of a private debt.   Furthermore, Defendants are third-party debt collectors and not process servers or law enforcement officials.

**Defendants' Unlawful Contacts with Third Parties**

34.     In numerous instances, Defendants have communicated, or threatened to communicate, with consumers' family members or other third parties to apply pressure and create a sense of urgency so the consumer will pay them.

10

35.     In numerous such instances, Defendants either:   (1) already possessed contact information for the consumer, including the consumer's place of abode, telephone number, or place or employment; (2) disclosed the consumer's purported debt to the third party; or (3) represented to the third party that Defendants will commence legal action—including arrest—against the putative debtor if the debt is not paid.

### Defendants' Failure to Disclose Identity

36.     In numerous instances, Defendants have communicated with consumers by phone without meaningfully disclosing Defendants' identity.   For example, in numerous voicemail messages, Defendants have represented that a consumer will be sued and have provided a phone number the consumer may call for more information, but have not disclosed the name of their company or the fact that they are debt collectors.   In some of these voicemails, Defendants have described themselves as process servers who were planning to deliver papers to consumers at their homes or places of employment.

### Defendants' Failure to Provide Statutorily Required
### Notices and Disclosures to Consumers

37.     Defendants have failed to provide consumers with statutorily required disclosures, including disclosures identifying themselves as debt collectors and stating that the communication is an attempt to collect a debt and any information provided by the consumer will be used for that purpose.

38.     In numerous instances, Defendants also have failed to provide consumers with a statutorily required notice, either orally in their initial communication with the consumer or in writing within five days of the initial oral communication, setting forth the following:   1) the amount of the alleged debt; 2) the name of the creditor to whom the purported debt is owed; 3) a

statement that unless the consumer disputes the debt, the debt will be assumed valid; 4) a statement that if the consumer disputes all or part of the debt in writing within 30 days, the debt collector will obtain verification of the debt and mail it to the consumer; and 5) a statement that, upon the consumer's written request within the 30-day period, the debt collector will provide the name and address of the original creditor, if different from the current creditor.

39.      In numerous instances, Defendants have refused to provide consumers with this notice despite consumers' repeated requests, and as a result, consumers have been unable to exercise their rights under the FDCPA.

## VIOLATIONS OF THE FTC ACT

40.      Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), prohibits "unfair or deceptive acts or practices in or affecting commerce."

41.      Misrepresentations or deceptive omissions of material fact constitute deceptive acts or practices prohibited by Section 5(a) of the FTC Act.

### Count I by Plaintiff FTC
### False or Unsubstantiated Representations That Consumers Owe Debts

42.      In numerous instances, during telephone calls with consumers, Defendants have represented, directly or indirectly, expressly or by implication, that consumers owe debts.

43.      In truth and in fact, in numerous instances in which Defendants have made the representations set forth in Paragraph 42 of this Complaint, these representations have been false, or Defendants have not had a reasonable basis for the representations at the time Defendants made them.

44.     Therefore, Defendants' representations as set forth in Paragraph 42 of this Complaint constitute deceptive acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

## Count II by Plaintiff FTC
## False or Misleading Representations Regarding Legal Action

45.     In numerous instances, in connection with the collection of purported consumer debts, Defendants have represented, directly or indirectly, expressly or by implication, that:

 a.     Defendants' debt collectors are process servers;

 b.     Defendants' debt collectors are affiliated with law enforcement;

 c.     Defendants' debt collectors are attorneys or representatives of an attorney, or that a communication is from an attorney;

 d.     Defendants have filed, or intend to file, a lawsuit against the consumer for failing to pay a purported debt; and

 e.     Defendants will have the consumer arrested, imprisoned, or criminally prosecuted.

46.     In truth and in fact, in numerous instances in which Defendants have made the representations set forth in Paragraph 45 of this Complaint:

 a.     Defendants' debt collectors were not process servers;

 b.     Defendants' debt collectors were not affiliated with law enforcement;

 c.     Defendants' debt collectors were not attorneys or representatives of an attorney, or their communications are not from an attorney;

 d.     Defendants had not filed and did not intend to file a lawsuit against the consumer for failing to pay the purported debt; and

      e.      Defendants could not have had, or did not intend to have, the consumer arrested, imprisoned, or criminally prosecuted.

47.     Therefore, Defendants' representations as set forth in Paragraph 45 of this Complaint are false or misleading and constitute deceptive acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

## VIOLATIONS OF THE FDCPA

48.     In 1977, Congress passed the FDCPA, 15 U.S.C. §§ 1692-1692p, which became effective on March 20, 1978, and has been in force since that date.   Under Section 814 of the FDCPA, 15 U.S.C. § 1692*l*, a violation of the FDCPA is deemed an unfair or deceptive act or practice in violation of the FTC Act.   Further, the FTC is authorized to use all of its functions and powers under the FTC Act to enforce compliance with the FDCPA.

49.     Throughout this Complaint, the term "consumer," as defined in Section 803(3) of the FDCPA, 15 U.S.C. § 1692a(3), means "any natural person obligated or allegedly obligated to pay any debt."

50.     Throughout this Complaint, the term "debt," as defined in Section 803(5) of the FDCPA, 15 U.S.C. § 1692a(5), means "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment."

51.     Throughout this Complaint, the term "location information," as defined in Section 803(7) of the FDCPA, 15 U.S.C. § 1692a(7), means "a consumer's place of abode and his telephone number at such place, or his place of employment."

**Count III by Plaintiff FTC**
**Unlawful Communications with Third Parties**

52.     In numerous instances, in connection with the collection of debts, Defendants

have communicated with persons other than the consumer, the consumer's attorney, a consumer

reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, the

attorney of the debt collector, the consumer's spouse, parent (if the consumer is a minor),

guardian, executor, or administrator for purposes other than acquiring location information about

the consumer, without having obtained directly the prior consent of the consumer or the express

permission of a court of competent jurisdiction, and when not reasonably necessary to effectuate

a post judgment judicial remedy, in violation of Section 805(b) of the FDCPA, 15 U.S.C.

§ 1692c(b).

**Count IV by Plaintiff FTC**
**Calls Without Meaningful Disclosure of Identity**

53.     In numerous instances, in connection with the collection of debts, Defendants

have engaged in conduct the natural consequence of which is to harass, oppress, or abuse a

person by placing telephone calls without meaningful disclosure of the caller's identity, in

violation of Section 806(6) of the FDCPA, 15 U.S.C. § 1692d(6).

**Count V by Plaintiff FTC**
**False, Deceptive, or Misleading Representations to Consumers**

54.     In numerous instances, in connection with the collection of debts, Defendants

have, directly or indirectly, expressly or by implication, used false, deceptive, or misleading

representations or means, in violation of Section 807 of the FDCPA, 15 U.S.C. § 1692e,

including, but not limited to:

a.  falsely representing or implying that the debt collector is vouched for, bonded by, or affiliated with a State, in violation of Section 807(1) of the FDCPA, 15 U.S.C. § 1692e(1);

b.  falsely representing the character, amount, or legal status of a debt, in violation of Section 807(2) of the FDCPA, 15 U.S.C. § 1692e(2);

c.  falsely representing or implying that Defendants are attorneys or representatives of an attorney or that a communication is from an attorney, in violation of Section 807(3) of the FDCPA, 15 U.S.C. § 1692e(3);

d.  falsely representing or implying that nonpayment of a debt will result in the arrest or imprisonment of a person, when such action is not lawful or when Defendants have no intention of taking such action, in violation of Section 807(4) of the FDCPA, 15 U.S.C. § 1692e(4);

e.  threatening to take action that Defendants do not intend to take, such as filing a lawsuit or serving process, in violation of Section 807(5) of the FDCPA, 15 U.S.C. § 1692e(5);

f.  using false representations or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer, in violation of Section 807(10) of the FDCPA, 15U.S.C. § 1692e(10); and

g.  failing to disclose in the initial communication with a consumer that Defendants are debt collectors attempting to collect a debt and that any information obtained will be used for that purpose, or failing to disclose in subsequent communications that the communication is from a debt

16

collector, in violation of Section 807(11) of the FDCPA, 15 U.S.C. § 1692e(11).

## Count VI by Plaintiff FTC
## Failure to Provide Statutorily Required Notice

55.     In numerous instances, in connection with the collection of debts, Defendants have failed to provide consumers, either in the initial communication or a written notice sent within five days after the initial communication, with information about the debt and the right to dispute the debt, in violation of Section 809(a) of the FDCPA, 15 U.S.C. § 1692g(a).

## VIOLATIONS OF NEW YORK STATE LAW

## Count VII by Plaintiff State of New York
## Repeated Fraudulent or Illegal Acts

56.     New York Executive Law § 63(12) empowers the Attorney General to seek restitution and injunctive relief when any person or business entity has engaged in repeated fraudulent or illegal acts or otherwise demonstrates persistent fraud or illegality in the carrying on, conducting, or transaction of business.

57.     Defendants have engaged in repeated fraudulent or illegal acts or otherwise demonstrated persistent fraud or illegality in the carrying on, conducting, or transaction of their debt collection business for purposes of Executive Law § 63(12).

## Count VIII by Plaintiff State of New York
## Deceptive Acts or Practices

58.     New York General Business Law § 349 provides that "[d]eceptive acts or practices in the conduct of any business […] in this state are hereby declared unlawful."

59.     In numerous instances, Defendants have violated New York General Business Law § 349 by engaging in deceptive acts or practices in connection with conducting their debt collection business.

### Count IX by Plaintiff State of New York
### Violation of New York State Debt Collection Law

60.     New York General Business Law § 601 sets forth a list of prohibited debt collection practices, including:

   a.     simulating in any manner a law enforcement officer, or a representative of any governmental agency of the state of New York or any of its political subdivisions (N.Y. Gen. Bus. Law § 601(1));

   b.     disclosing or threatening to disclose information affecting the debtor's reputation for credit worthiness with knowledge or reason to know that the information is false ((N.Y. Gen. Bus. Law § 601(3);

   c.     disclosing or threatening to disclose information concerning the existence of a debt known to be disputed by the debtor without disclosing that fact (N.Y. Gen. Bus. Law § 601(5));

   d.     threatening any action which the debt collector in the usual course of its business does not in fact take (N.Y. Gen. Bus. Law § 601(7)); and

   e.     claiming, or attempting or threatening to enforce a right with knowledge or reason to know that the right does not exist (N.Y. Gen. Bus. Law § 601(8)).

61.     In numerous instances, Defendants have violated New York General Business Law § 601 by engaging in prohibited debt collection practices under that statute.

18

**Count X by Plaintiffs FTC and State of New York**
**Unjust Enrichment of Relief Defendant**

62.     Relief Defendant Joelle J. Leclaire has received, directly or indirectly, funds and other assets from Defendants that are traceable to funds obtained from consumers through Defendants' deceptive, abusive, and unlawful acts and practices described herein.

63.     Relief Defendant Joelle J. Leclaire is not a bona fide purchaser with legal and equitable title to funds or other assets obtained from consumers through Defendants' deceptive, abusive, and unlawful acts and practices described herein.   Relief Defendant will be unjustly enriched if she is not required to disgorge the funds or the value of the benefit she received as a result of Defendants' deceptive, abusive, and unlawful acts and practices.   Relief Defendant holds funds and assets in constructive trust for the benefit of consumers harmed by Defendants.

**CONSUMER INJURY**

64.     Consumers have suffered and will continue to suffer substantial injury as a result of Defendants' violations of the FTC Act, the FDCPA, New York Executive Law § 63(12), and New York General Business Law Articles 22-A and 29-H.   In addition, Defendants have been unjustly enriched as a result of their unlawful acts or practices.   Absent injunctive relief by this Court, Defendants are likely to continue to injure consumers, reap unjust enrichment, and harm the public interest.

**THIS COURT'S POWER TO GRANT RELIEF**

65.     Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), and Section 814(a) of the FDCPA, 15 U.S.C. § 1692*l*(a), empower this Court to grant injunctive and such other relief as the Court may deem appropriate to halt and redress violations of any provision of law enforced by the FTC.   The Court, in the exercise of its equitable jurisdiction, may award ancillary relief,

including rescission or reformation of contracts, restitution, the refund of monies paid, and the disgorgement of ill-gotten monies, to prevent and remedy any violation of any provision of law enforced by the FTC.

66.     New York Executive Law § 63(12) empowers the Attorney General to seek injunctive relief, restitution, damages, disgorgement, and other relief when any person or business entity has engaged in repeated fraudulent or illegal acts, or has otherwise demonstrated persistent fraud or illegality in the carrying on, conducting, or transaction of business.   New York General Business Law § 349 prohibits deceptive business practices and empowers the Attorney General to seek injunctive relief, restitution, and civil penalties when violations occur. General Business Law Article 29-H, § 602 empowers the Attorney General to bring an action to restrain any violation of Article 29-H, New York's Debt Collection Procedures.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs FTC and the State of New York, pursuant to Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), Section 814(a) of the FDCPA, 15 U.S.C. § 1692*l*(a), New York Executive Law § 63(12), and New York General Business Law §§ 349, 350-d, and 602(2), and the Court's own equitable powers, request that the Court:

A.     Award Plaintiffs such preliminary injunctive and ancillary relief as may be necessary to avert the likelihood of consumer injury during the pendency of this action and to preserve the possibility of effective final relief, including, but not limited to, temporary and preliminary injunctions, an order freezing assets, immediate access to business premises, and appointment of a receiver;

B.      Enter a permanent injunction to prevent future violations of the FTC Act, the FDCPA, New York General Business Law Articles 22-A and 29-H, and New York Executive Law § 63(12) by Defendants;

C.      Award such relief as the Court finds necessary to redress injury to consumers resulting from Defendants' violations of the FTC Act, the FDCPA, New York General Business Law Articles 22-A and 29-H, and New York Executive Law § 63(12), including, but not limited to, rescission or reformation of contracts, restitution, the refund of monies paid, and the disgorgement of ill-gotten monies;

D.      Pursuant to New York General Business Law § 350-d, impose a civil penalty of $5,000 for each violation of New York General Business Law Article 22-A; and

E.      Enter an order requiring Relief Defendant to disgorge all funds and assets, or the value of the benefit she received from the funds and assets, which are traceable to Defendants' deceptive and unlawful acts or practices; and

     F.      Award Plaintiffs the costs of bringing this action, as well as such other and additional relief as the Court may determine to be just and proper.

Respectfully submitted,

JONATHAN E. NUECHTERLEIN
General Counsel

Dated: _____        _____

MATTHEW J. WILSHIRE
MICHAEL WHITE
Federal Trade Commission
600 Pennsylvania Avenue, N.W.,
Mailstop CC-10232
Washington, D.C. 20580
202-326-2976 (Wilshire), (202) 326-3196 (White)
mwilshire@ftc.gov
mwhite1@ftc.gov

*Attorneys for Plaintiff Federal Trade Commission*

ERIC T. SCHNEIDERMAN
Attorney General of the State of New York

_____

JAMES M. MORRISSEY
Assistant Attorney General
350 Main Street, Suite 300A
Buffalo, NY 14202
Telephone: (716) 853-8471
Facsimile:   (716) 853-8414

*Attorney for Plaintiff State of New York*