

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

FEDERAL TRADE COMMISSION and
PEOPLE OF THE STATE OF NEW YORK,
by ERIC T. SCHNEIDERMAN, Attorney
General of the State of New York,

        Plaintiffs,

        v.

KELLY S. BRACE, et al.,

        Defendants, and

JOELLE J. LECLAIRE,

        Relief Defendant.

Case No.   15-cv-00875-A

**STIPULATED ORDER FOR
PERMANENT INJUNCTION AND
MONETARY JUDGMENT**

       Plaintiffs, the Federal Trade Commission and The People of the State of New York, filed

their Complaint for a permanent injunction and other equitable relief in this matter, pursuant to

Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b), Section

814(a) of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692*l*(a), New York

Executive Law § 63(12), and New York General Business Article 22-A, § 349 and Article 29-H,

§ 602.   Plaintiffs and Defendants stipulate to the entry of this Stipulated Order for Permanent

Injunction and Monetary Judgment ("Order") to resolve all matters in dispute in this action

between them.

       THEREFORE, IT IS ORDERED as follows:

**FINDINGS**

1.      This Court has jurisdiction over this matter.

2.      The Complaint charges that Defendants participated in deceptive and abusive

debt-collection practices, in violation of Section 5 of the FTC Act, 15 U.S.C. § 45, the FDCPA,

15 U.S.C. §§ 1692-1692p, and New York General Business Law Article 22-A.

3.      Defendants waive any claim that they may have under the Equal Access to Justice Act, 28

U.S.C. § 2412, concerning the prosecution of this action through the date of this Order, and agree

to bear their own costs and attorney fees.

4.      Defendants waive all rights to appeal or otherwise challenge or contest the validity of this

Order.

**DEFINITIONS**

For the purpose of this Order, the following definitions apply:

A.      **"Credit repair services"** means selling, providing, or performing any service (or

representing that such service can or will be sold, provided, or performed) through the use of any

instrumentality of interstate commerce or the mails, in return for the payment of money or other

valuable consideration, for the express or implied purpose of (i) improving any consumer's credit

record, credit history, or credit rating; or (ii) providing advice or assistance to any consumer with

regard to any activity or service described in clause (i).

B.      **"Debt"** means any obligation or alleged obligation to pay money arising out of a

transaction, whether or not such obligation has been reduced to judgment.

C.      **"Debt-collection activities"** means any activities to collect or attempt to collect,

directly or indirectly, a debt owed or due, or asserted to be owed or due another, or any attempt to

collect on debts owed to the collector that collects under any name other than its own that would indicate that a third person is collecting or attempting to collect such debts.

D.    **"Defendants"** means the Individual Defendant and the Corporate Defendants, individually, collectively, or in any combination.

    1.    **"Corporate Defendants"** means Braclaire Management, LLC d/b/a Clear Credit Services, Clear Credit Solutions, Delaware Asset Management, Westwood Asset Management, Huntington Asset Management, Washington Recovery Services, and Delaware Solutions; Credit Clear Solutions, LLC; Solidus Group, LLC; Solidus Solutions, LLC; and their successors and assigns.

    2.    **"Individual Defendant"** means Kelly S. Brace.

E.    **"Financial-related product or service"** means any product, service, plan, or program represented, expressly or by implication, to:

    1.    provide to any consumer, arrange for any consumer to receive, or assist any consumer in receiving, an extension of consumer credit;

    2.    provide to any consumer, arrange for any consumer to receive, or assist any consumer in receiving, credit repair services; or

    3.    provide to any consumer, arrange for any consumer to receive, or assist any consumer in receiving, any secured or unsecured debt relief product or service.

F.     "**Person**" means a natural person, organization, or other legal entity, including a corporation, partnership, proprietorship, association, cooperative, or any other group or combination acting as an entity.

G.     "**Secured or unsecured debt relief product or service**" means, with respect to any mortgage, loan, debt, or obligation between a person and one or more secured or unsecured creditors or debt collectors, any product, service, plan, or program represented, expressly or by implication, to: (A) negotiate, settle, or in any way alter the terms of payment or other terms of the mortgage, loan, debt, or obligation, including but not limited to, a reduction in the amount of interest, principal balance, monthly payments, or fees owed by a person to a secured or unsecured creditor or debt collector; (B) stop, prevent, or postpone any mortgage or deed of foreclosure sale for a person's dwelling, any other sale of collateral, any repossession of a person's dwelling or other collateral, or otherwise save a person's dwelling or other collateral from foreclosure or repossession; (C) obtain any forbearance or modification in the timing of payments from any secured or unsecured holder of any mortgage, loan, debt, or obligation; (D) negotiate, obtain, or arrange any extension of the period of time within which the person may (i) cure his or her default on the mortgage, loan, debt, or obligation, (ii) reinstate his or her mortgage, loan, debt, or obligation, (iii) redeem a dwelling or other collateral, or (iv) exercise any right to reinstate the mortgage, loan, debt, or obligation or redeem a dwelling or other collateral; (E) obtain any waiver of an acceleration clause or balloon payment contained in any promissory note or contract secured by any dwelling or other collateral; or (F) negotiate, obtain, or arrange (i) a short sale of a dwelling or other collateral, (ii) a deed-in-lieu of foreclosure, or (iii) any other disposition of a mortgage, loan, debt, or obligation other than a sale to a third party that is not the secured or

unsecured loan holder.   The foregoing shall include any manner of claimed assistance, including, but not limited to, auditing or examining a person's application for the mortgage, loan, debt, or obligation.

H.     **"Sensitive Personal Information"** means any of the following about a consumer: (a) Social Security number; (b) financial institution account number; (c) credit or debit card information; or (d) any other information by which a consumer's financial account can be accessed, or by which a consumer might be charged for goods or services, including through third parties such as telecommunications carriers.

## ORDER

### I.   BAN ON DEBT-COLLECTION ACTIVITIES

IT IS THEREFORE ORDERED that Defendants, whether directly or through an intermediary, are permanently restrained and enjoined from:

A.     participating in debt-collection activities; and

B.     advertising, marketing, promoting, offering for sale, selling, buying, or processing payments on any consumer or commercial debt or any consumer information relating to a debt.

### II.   PROHIBITION AGAINST MISREPRESENTATIONS

IT IS FURTHER ORDERED that Defendants, Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with promoting or offering for sale any good or service, are permanently restrained and enjoined from

misrepresenting or assisting others in misrepresenting, expressly or by implication, any material fact, including but not limited to:

    A.    the terms or rates that are available for any loan or other extension of credit;

    B.    any person's ability to improve or otherwise affect a consumer's credit record, credit history, or credit rating or ability to obtain credit;

    C.    that any person can improve any consumer's credit record, credit history, or credit rating by permanently removing negative information from the consumer's credit record, credit history, or credit rating, even where such information is accurate and not obsolete;

    D.    any aspect of any secured or unsecured debt relief product or service, including but not limited to, the amount of savings a consumer will receive from purchasing, using, or enrolling in such secured or unsecured debt relief product or service; the amount of time before which a consumer will receive settlement of that consumer's debts; or the reduction or cessation of collection calls;

    E.    that a consumer will receive legal representation;

    F.    that any particular outcome or result from a financial-related product or service is guaranteed, assured, highly likely or probable, or very highly likely or probable;

    G.    the nature or terms of any refund, cancellation, exchange, or repurchase policy, including, but not limited to, the likelihood of a consumer obtaining a full or partial refund, or the circumstances in which a full or partial refund will be provided to the consumer;

H.   that any person is affiliated with, endorsed or approved by, or otherwise connected

to any other person, government entity, or other public or commercial entity,

including an attorney's office, law firm, or court system; and

I.   the nature, expertise, position, or job title of any person who provides any product

or service.

### III.   PROHIBITION AGAINST UNSUBSTANTIATED CLAIMS

IT IS FURTHER ORDERED that Defendants, Defendants' officers, agents, employees,

and attorneys, and all other persons in active concert or participation with any of them, who

receive actual notice of this Order, whether acting directly or indirectly, in connection with the

sale of any product or service, are permanently restrained and enjoined from making any

representation or assisting others in making any representation, expressly or by implication, about

the benefits, performance, or efficacy of any product or service, unless the representation is

non-misleading, and, at the time such representation is made, Defendants possess and rely upon

competent and reliable evidence that is sufficient in quality and quantity based on standards

generally accepted in the relevant fields, when considered in light of the entire body of relevant

and reliable evidence, to substantiate that the representation is true.

### IV.   PROHIBITION ON DISCLOSURE OF SENSITIVE PERSONAL INFORMATION
###       AND INACCURATE CONSUMER INFORMATION

IT IS FURTHER ORDERED that Defendants, Defendants' officers, agents, employees,

and attorneys, and all other persons in active concert or participation with any of them, who

receive actual notice of this Order, whether acting directly or indirectly, in connection with

promoting or offering for sale any good or service, are permanently restrained and enjoined from:

A.   selling, transferring, or otherwise disclosing the Sensitive Personal Information of a consumer (other than the Individual Defendant or his immediate family) to any Person; provided, however, that Defendants are not prohibited from transferring or otherwise disclosing a consumer's Sensitive Personal Information to the extent necessary to process payment for any product or service sold by any Defendant directly to that consumer and for which the Defendant has the consumer's express, informed consent for that sale; and

B.   furnishing information relating to any consumer to any consumer reporting agency, notwithstanding any alternative compliance methods that may be generally available under Section 623(a)(1)(C) of the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(a)(1)(C), while knowing or having reasonable cause to believe that the information is inaccurate.

## V.  CONSUMER INFORMATION

IT IS FURTHER ORDERED that Defendants, Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order are permanently restrained and enjoined from directly or indirectly:

A.   failing to provide sufficient consumer information to enable the Plaintiffs to efficiently administer consumer redress.   If representatives of either Plaintiff request in writing any information related to redress, Defendants must provide it, in the form prescribed by the Plaintiff, within 14 days;

B.      disclosing, using, or benefitting from consumer information, including the name,

address, telephone number, email address, social security number, other

identifying information, or any data that enables access to a consumer's account

(including a credit card, bank account, or other financial account), that any

Defendant obtained prior to entry of this Order; and

C.      failing to destroy such customer information in all forms in their possession,

custody, or control within 30 days after entry of this Order.

**Provided, however**, that customer information need not be disposed of, and may

be disclosed, to the extent requested by a government agency or required by law,

regulation, or court order.

## VI.  MONETARY JUDGMENT AND PARTIAL SUSPENSION

IT IS FURTHER ORDERED that:

A.      Judgment in the amount of eighteen million, four hundred thirty thousand, nine

hundred and ninety-three dollars ($18,430,993) is entered in favor of the Plaintiffs

against the Defendants, jointly and severally, as equitable monetary relief.

B.      Defendants are ordered to pay to the Commission one hundred fifty-one thousand,

eight hundred and ninety-three dollars ($151,893).   Such payment must be made

within 60 days of entry of this Order by electronic fund transfer in accordance with

instructions previously provided by a representative of the Commission.   Upon

such payment, the remainder of the judgment is suspended, subject to the

Subsections below.

C.   The Plaintiffs' agreement to the suspension of part of the judgment is expressly

premised upon the truthfulness, accuracy, and completeness of Defendants' sworn

financial statements, deposition testimony, and related documents (collectively,

"financial statements") submitted to the Commission, namely:

1.   the Financial Statement of Individual Defendant Kelly S. Brace signed on

October 17, 2015, including the attachments;

2.   the depositions of Individual Defendant Kelly S. Brace on October 9, 2015

and March 25, 2016;

3.   the Financial Statements, including the attachments, of Corporate

Defendants:   Braclaire Management, LLC, signed by Kelly S. Brace on

February 22, 2016; Credit Clear Solutions, LLC, signed by Kelly S. Brace

on March 3, 2016; Solidus Group, LLC, signed by Kelly S. Brace on

February 22, 2016; and Solidus Solutions, LLC, signed by Kelly S. Brace

on February 22, 2016; and

4.   the following additional documentation submitted by Defendants' counsel

Frank M. Bogulski to Plaintiffs:

a.   Individual Defendant's 2014 federal and New York tax returns

submitted by email on April 13, 2016;

b.   Individual Defendant's 2011 federal and New York tax returns and

estimated tax payment forms submitted by hand delivery on April 7,

2016;

c.    Corporate Defendants Braclaire Management, LLC's and Solidus

Group, LLC's 2011 and 2012 federal and New York tax returns and

submitted by hand delivery on April 7, 2016;

d.    2012, 2013, and 2014 Balance Sheets and Profit and Loss

Statements for Corporate Defendants Braclaire Management, LLC,

and Solidus Group, LLC, submitted by hand delivery on April 7,

2016;

e.    bank statements for accounts held by Corporate Defendants

Braclaire Management, LLC; Credit Clear Solutions, LLC; Solidus

Group, LLC; and Solidus Solutions, LLC; submitted by hand

delivery on April 7, 2016;

f.    Corporate Defendant Credit Clear Solutions, LLC's Articles of

Organization, EIN-assignment letter, and bank statements for

accounts held by it, submitted by email on March 7, 2016;

g.    Corporate Defendants Braclaire Management, LLC's and Solidus

Group, LLC's 2013 and 2014 federal and New York tax returns,

submitted by hand delivery on February 23, 2016;

h.    bank statements for accounts held by Individual Defendant and for

accounts held by Corporate Defendants Braclaire Management,

LLC; Solidus Group, LLC; and Solidus Solutions, LLC; submitted

by hand delivery on February 23, 2016;

       i.      Individual Defendant's 2010, 2012, and 2013 federal and New York tax returns, submitted by hand delivery on February 23, 2016;

       j.      2013 and 2014 Balance Sheets and Profit and Loss Statements for Corporate Defendants Braclaire Management, LLC, and Solidus Group, LLC, submitted by hand delivery on February 23, 2016;

       k.      Articles of Organization and EIN-assignment letter for Corporate Defendant Braclaire Management, LLC, submitted by hand on February 23, 2016; and

       l.      EIN-assignment letter for Corporate Defendant Solidus Solutions, LLC, submitted by hand delivery on February 23, 2016.

D.     The suspension of the judgment will be lifted as to any Defendant if, upon motion by the Plaintiffs, the Court finds that Defendant failed to disclose any material asset, materially misstated the value of any asset, or made any other material misstatement or omission in the financial representations identified above.

E.     If the suspension of the judgment is lifted, the judgment becomes immediately due as to that Defendant in the amount specified in Subsection A. above (which the parties stipulate only for purposes of this Section represents the consumer injury alleged in the Complaint), less any payment previously made pursuant to this Section, plus interest computed from the date of entry of this Order.

F.     Defendants relinquish dominion and all legal and equitable right, title, and interest in all assets transferred pursuant to this Order and may not seek the return of any assets.

G.    The facts alleged in the Complaint will be taken as true, without further proof, in any subsequent civil litigation by or on behalf of the Commission, including in a proceeding to enforce its rights to any payment or monetary judgment pursuant to this Order, such as a nondischargeability complaint in any bankruptcy case.

H.    The facts alleged in the Complaint establish all elements necessary to sustain an action by the Commission pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and this Order will have collateral estoppel effect for such purposes.

I.    Defendants acknowledge that their Taxpayer Identification Numbers (Social Security Numbers or Employer Identification Numbers), which Defendants previously submitted to the Commission, may be used for collecting and reporting on any delinquent amount arising out of this Order, in accordance with 31 U.S.C. §7701.

J.    All money paid to the Plaintiffs pursuant to this Order may be deposited into a fund administered by the Plaintiffs or their designee to be used for equitable relief, including consumer redress and any attendant expenses for the administration of any redress fund.  If representatives of the Plaintiffs decide that direct redress to consumers is wholly or partially impracticable or money remains after redress is completed, the Plaintiffs may apply any remaining money for such other equitable relief (including consumer information remedies) as they determine to be reasonably related to Defendants' practices alleged in the Complaint.  The Plaintiffs shall retain authority and sole discretion over the division among

Plaintiffs of any funds not used for equitable relief.   Any money paid to the FTC not used for such equitable relief is to be deposited to the U.S. Treasury as disgorgement.   Any money paid to the State of New York not used for equitable relief may be used to the full extent authorized by the State's laws, including but not limited to, as payment for the State's costs of investigating and litigating the instant case.   Defendants have no right to challenge any actions the Plaintiffs or their representatives may take pursuant to this Subsection.

K.   The asset freeze imposed in the Preliminary Injunction [Dkt 27] is hereby modified to permit the payment required Section VI.B, above.   Upon that payment, the asset freeze is dissolved.

## VII.   COOPERATION

IT IS FURTHER ORDERED that Defendants must fully cooperate with representatives of Plaintiffs in this case and in any investigation related to or associated with the transactions or the occurrences that are the subject of the Complaint.   Defendants must provide truthful and complete information, evidence, and testimony.   Individual Defendant must appear and Corporate Defendants must cause Corporate Defendants' officers, employees, representatives, or agents to appear for interviews, discovery, hearings, trials, and any other proceedings that a Plaintiffs' representative may reasonably request upon 5 days written notice, or other reasonable notice, at such places and times as a Plaintiff representative may designate, without the service of a subpoena.

## VIII.   ORDER ACKNOWLEDGMENTS

IT IS FURTHER ORDERED that Defendants obtain acknowledgments of receipt of this

Order:

A.   Each Defendant, within 7 days of entry of this Order, must submit to the

Commission and the New York Office of the Attorney General an

acknowledgment of receipt of this Order sworn under penalty of perjury.

B.   For 20 years after entry of this Order, Individual Defendant for any business that

such Defendant, individually or collectively with any other Defendants, is the

majority owner or controls directly or indirectly, and each Corporate Defendant

must deliver a copy of this Order to: (1) all principals, officers, directors, and LLC

managers and members; (2) all employees, agents, payment processors, and

representatives who participate in conduct related to the subject matter of the

Order; and (3) any business entity resulting from any change in structure as set

forth in the Section titled Compliance Reporting.   Delivery must occur within 7

days of entry of this Order for current personnel.   For all others, delivery must

occur before they assume their responsibilities.

C.   From each individual or entity to which a Defendant delivered a copy of this

Order, that Defendant must obtain, within 30 days, a signed and dated

acknowledgment of receipt of this Order.

## IX.   COMPLIANCE REPORTING

IT IS FURTHER ORDERED that Defendants make timely submissions to the

Commission:

A.  One year after entry of this Order, each Defendant must submit a compliance report, sworn under penalty of perjury:

   1.  Each Defendant must:  (a) identify the primary physical, postal, and email address and telephone number, as designated points of contact, which representatives of the Plaintiffs may use to communicate with Defendant; (b) identify all of that Defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses; (c) describe the activities of each business, including the goods and services offered, the means of advertising, marketing, and sales, and the involvement of any other Defendant (which Individual Defendant must describe if he knows or should know due to his own involvement); (d) describe in detail whether and how that Defendant is in compliance with each Section of this Order; and (e) provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the Commission.

   2.  Additionally, Individual Defendant must:  (a) identify all telephone numbers and all physical, postal, email and Internet addresses, including all residences; (b) identify all business activities, including any business for which such Defendant performs services whether as an employee or otherwise and any entity in which such Defendant has any ownership interest; and (c) describe in detail such Defendant's involvement in each

        such business, including title, role, responsibilities, participation, authority, control, and any ownership.

B.    For 20 years after entry of this Order, each Defendant must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in the following:

    1.    Each Defendant must report any change in:   (a) any designated point of contact; or (b) the structure of any Corporate Defendant or any entity that Defendant has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Order, including: creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

    2.    Additionally, Individual Defendant must report any change in:   (a) name, including aliases or fictitious name, or residence address; or (b) title or role in any business activity, including any business for which such Defendant performs services whether as an employee or otherwise and any entity in which such Defendant has any ownership interest, and identify the name, physical address, and any Internet address of the business or entity.

C.    Each Defendant must submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against such Defendant within 14 days of its filing.

D.    Any submission to the Commission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746,

such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on: _____" and supplying the date, signatory's full name, title (if applicable), and signature.

E.  Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to: Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC  20580. The subject line must begin:  FTC v. Brace, X160009.

## X.  RECORDKEEPING

IT IS FURTHER ORDERED that Defendants must create certain records for 20 years after entry of the Order, and retain each such record for 5 years.  Specifically, Corporate Defendants and Individual Defendant for any business that such Defendant, individually or collectively with any other Defendants, is a majority owner or controls directly or indirectly, must create and retain the following records:

A.  accounting records showing the revenues from all business activity;

B.  personnel records showing, for each person providing services, whether as an employee or otherwise, that person's:  name; addresses; telephone numbers; job title or position; dates of service; and (if applicable) the reason for termination;

C.  records of all consumer complaints and refund requests, whether received directly or indirectly, such as through a third party, and any response;

D.   all records necessary to demonstrate full compliance with each provision of this

Order, including all submissions to the Commission;

E.   copies of all contracts with payment processors; and

F.   a copy of each unique advertisement or other marketing material.

## XI.  COMPLIANCE MONITORING

IT IS FURTHER ORDERED that, for the purpose of monitoring Defendants' compliance

with this Order, including the financial statements upon which part of the judgment was

suspended and any failure to transfer any assets as required by this Order:

A.   Within 14 days of receipt of a written request from a representative of the

Plaintiffs, each Defendant must:   submit additional compliance reports or other

requested information, which must be sworn under penalty of perjury; appear for

depositions; and produce documents for inspection and copying.   The Plaintiffs

are also authorized to obtain discovery, without further leave of court, using any of

the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including

telephonic depositions), 31, 33, 34, 36, 45, and 69.

B.   For matters concerning this Order, the Plaintiffs are authorized to communicate

directly with each Defendant.   Defendants must permit representatives of the

Plaintiffs to interview any employee or other person affiliated with any Defendant

who has agreed to such an interview.   The person interviewed may have counsel

present.

C.   The Plaintiffs may use all other lawful means, including posing, through their

representatives as consumers, suppliers, or other individuals or entities, to

Defendants or any individual or entity affiliated with Defendants, without the necessity of identification or prior notice.   Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

D.     Upon written request from a representative of the Plaintiffs, any consumer reporting agency must furnish consumer reports concerning Individual Defendant, pursuant to Section 604(1) of the Fair Credit Reporting Act, 15 U.S.C. §1681b(a)(1).

## XII.   RETENTION OF JURISDICTION

IT IS FURTHER ORDERED that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

SO ORDERED this _11_ day of _August_, 2016.

_____
UNITED STATES DISTRICT JUDGE

SO STIPULATED AND AGREED:

FOR PLAINTIFFS:

FEDERAL TRADE COMMISSION

Date: 8 -11- 16

MATTHEW J. WILSHIRE
MICHAEL WHITE
Federal Trade Commission
600 Pennsylvania Avenue, N.W., Mailstop CC-10232
Washington, D.C. 20580
202-326-2976 (Wilshire), (202) 326-3196 (White)
mwilshire@ftc.gov
mwhite1@ftc.gov

*Attorneys for Plaintiff Federal Trade Commission*

PEOPLE OF THE STATE OF NEW YORK

ERIC T. SCHNEIDERMAN
Attorney General of the State of New York

Date: 8/11/16

JAMES M. MORRISSEY
Assistant Attorney General
350 Main Street, Suite 300A
Buffalo, NY 14202
(716) 853-8471 (o); (716) 853-8414 (f)
james.morrissey@ag.ny.gov
*Attorney for Plaintiff State of New York*

**FOR DEFENDANTS:**

Date: 6-22-16

FRANK M. BOGULSKI
88 W. Utica Street
Buffalo, New York 14209
(716) 885-1276
Email: fbogulski@yahoo.com
*Attorney for Defendants Kelly S. Brace; Braclaire
Management, LLC, d/b/a Clear Credit Services, LLC,
also d/b/a Clear Credit Solutions, also a/b/a
Delaware Solutions; Clear Credit Solutions, LLC; Solidus
Group, LLC; Solidus Solutions, LLC*

**DEFENDANTS:**

Date: 6-22-16

KELLY S. BRACE
INDIVIDUALLY AND AS AN OFFICER OF
BRACLAIRE MANAGEMENT, LLC;
CLEAR CREDIT SOLUTIONS, LLC; SOLIDUS
GROUP, LLC; AND SOLIDUS SOLUTIONS, LLC